# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY G. BROWN** (A-72335), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 10422 |
| | ) | |
| **DR. SALEH OBAISI**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On November 7 the Clerk's Office received a self-prepared Complaint filed by prisoner Anthony Brown ("Brown") against three doctors and a physician assistant. Brown's Complaint invokes 42 U.S.C. § 1983 to charge those defendants with violating his constitutional rights under the doctrine taught by <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and its numerous progeny during a prolonged period when Brown has been (and remains) in custody at Stateville Correctional Center ("Stateville"). Brown has accompanied his self-prepared Complaint with two Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") [Dkt. No. 3] and a Motion for Attorney Representation ("Motion") [Dkt. No. 4]. This sua sponte memorandum opinion and order is the product of its initial screening of Brown's filings as called for by 28 U.S.C. § 1915A(a).[1]

As is true of every case in which (as here) a prisoner plaintiff lacks the ability to pay the filing fee in advance, the first order of business for the District Judge assigned to the case is to

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

comply with the requirements of Section 1915.  In that respect, because the prisoner is obligated under Section 1915(a)(2) to accompany his or her statement with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the <u>filing</u> of the complaint" (emphasis added), by definition that printout cannot cover the prescribed period (that is so because under <u>Houston v. Lack</u>, 487 U.S. 266 (1988) the "mailbox rule" defines the date of "filing" as a later date, in this instance November 4 or 5)).  This Court's law clerk therefore requested and obtained from the helpful trust fund officer at Stateville a further printout showing transactions in Brown's trust fund account for the brief period between October 20 (the date of the initial printout) and November 5.

This Court's calculation covering the entire six -month period that ended November 5 has disclosed average monthly deposits of $39.05 (see Section 1915(b)(1)(A)) during that time frame, 20% of which amount (<u>id.</u>) is  $7.81.  Accordingly Brown is assessed an initial partial filing fee of $7.81, and the Stateville trust fund officer is ordered to collect that amount from Brown's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention:  Fiscal Department.

After such payment the trust fund officer at Stateville (or at any other correctional facility where Brown may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both

the initial payment and all future payments shall clearly identify Brown's name and the 16 C 10422 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

With the Application thus granted in the special form applicable to prisoner plaintiffs, this opinion turns to Brown's Motion. In that respect Brown (unlike many other prisoner plaintiffs) has completed the Motion with a specific showing of his efforts to obtain counsel on his own (a requirement imposed by our Court of Appeals' caselaw). Accordingly the Motion is also granted, and this Court has obtained the designation of this member of the District Court trial bar to represent Brown in this action:

> Mark E. Gryska, Esq.
> Nigro, Westfall & Gryska, P.C.
> 1793 Bloomingdale Road
> Glendale Heights, Illinois 60139
> Phone: 630-682-9872
> Fax: 630-580-5696
> E-mail: mark@nigrowestfall.com.

Finally, this Court is contemporaneously issuing its customary initial scheduling order. In the meantime attorney Gryska is directed (1) to make arrangements with the Marshals Service for service of process on defendants (see Section 1915(d)), (2) to confer with Brown, (3) to determine whether to proceed with Brown's self-prepared Complaint or to consider whether an Amended Complaint is called for and (4) to take such other interim steps as may be deemed appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 17, 2016

- 3 -